IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| GEORGE WILBUR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  19-00176-CV-W-SRB |
| | ) | |
| SECURITAS SECURITY SERVICES USA, | ) | |
| INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant's Motion to Dismiss or, in the Alternative, to Stay and

Compel Arbitration filed by Defendant Securitas Security Services USA, Inc.  (Doc. #4).

Defendant Securitas's motion is granted in part and denied in part.  Defendant Securitas's

request to compel arbitration is DENIED.  To the extent Plaintiff George Wilber[1] intended to

include Dan Arnold as an individual Defendant, Defendant Securitas's motion to dismiss Dan

Arnold is GRANTED.

## I.     Background

On November 26, 2018, Plaintiff filed a Complaint[2] in the Circuit Court of Jackson

County, Missouri, including one count for violation of the Age Discrimination in Employment

Act, 29 U.S.C., § 621, et seq.  The Complaint's caption lists only Plaintiff's former employer,

Securitas, as a Defendant.  The body of the Complaint, however, states, "Separate Defendant,

---

[1] According to Plaintiff's signature present on the documents submitted in support of this
motion, Plaintiff's last name is misspelled in the Complaint.
[2] While the initial pleading is titled "Petition for Damages" because it was originally filed in state
court, this Court will refer to the initial pleading as "Complaint" in order to correspond with the
terminology used in the Federal Rules of Civil Procedure.

Dan Arnold, . . . is an individual employed by Securitas[.]" (Doc. #1-1, ¶ 3). Defendant

Securitas removed the case to this Court on March 7, 2019. According to the record before the

Court, no summons was issued for Dan Arnold who has not been served in this case.

Plaintiff's Complaint alleges he was terminated from his job as a branch manager by his

supervisor, Dan Arnold, because of his age. At the inception of Plaintiff's employment with

Defendant Securitas, Plaintiff signed a "Dispute Resolution Agreement Acknowledgment"

stating:

> I have received a copy of the Securitas Security Services USA, Inc. (the
> "Company") Dispute Resolution Agreement (the "Agreement") and I have read and
> I understand all of the terms contained in the Agreement. I understand that
> employment or continued employment at the Company constitutes acceptance of
> this Agreement and its terms. I further acknowledge that the Company and I are
> mutually bound by this Agreement and its terms.

(Doc. #5-2, p. 1). The Dispute Resolution Agreement provides, "Under the terms set forth

below, both you and the Company mutually agree and thus are required to resolve claims either

may have against the other by Arbitration instead of in a court of law." (Doc. #5-1, p. 1).

Plaintiff signed and printed his name on the Acknowledgment on August 21, 2013. Next

to Plaintiff's signature are two lines for the "Employer Representative Signature" and "Employer

Representative Printed Name[.]" Both are blank.

Plaintiff does not contest that he signed the Acknowledgement, although Plaintiff

contests whether he actually received and read the Dispute Resolution Agreement. The Court

finds this dispute to be immaterial to the outcome. Rather, the Court finds the lack of

Defendant's signature to be determinative because the agreement to arbitrate was never

completed due to lack of mutual assent.

## II.     Legal Standard

"If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement[.]"  9 U.S.C. § 3.  "The Federal Arbitration Act (FAA or Act) requires courts to place arbitration agreements 'on equal footing with all other contracts.'"  *Kindred Nursing Centers Ltd. P'ship v. Clark*, 137 S. Ct. 1421, 1424 (2017) (quoting *DIRECTV, Inc. v. Imburgia*, 136 S. Ct. 463, 465 (2015)).  Therefore, "arbitration agreements [may] be declared unenforceable 'upon such grounds as exist at law or in equity for the revocation of any contract.'"  *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (quoting 9 U.S.C. § 2).

"When presented with a motion to compel arbitration, we ask only (1) whether there is a valid arbitration agreement and (2) whether the particular dispute falls within the terms of that agreement."  *McFadden v. Van Chevrolet-Cadillac, LLC*, No. 18-00395-CV-W-BP, 2018 WL 3715756, at *1 (W.D. Mo. Aug. 3, 2018) (citation omitted).  As a Court sitting in Missouri, this Court must analyze an arbitration agreement based on Missouri state-law principles.  *Robinson v. EOR-ARK, LLC*, 841 F.3d 781, 784 (8th Cir. 2016).  "The elements required to form a valid contract in Missouri are offer, acceptance, and bargained for consideration."  *Baier v. Darden Restaurants*, 420 S.W.3d 733, 737 (Mo. App. W.D. 2014) (citation and internal quotation marks omitted).  "The party seeking to compel arbitration bears the burden of proving the existence of a valid and enforceable arbitration agreement."  *Jackson v. Higher Educ. Loan Auth. of Missouri*,

497 S.W.3d 283, 287 (Mo. App. E.D. 2016) (citing *Jimenez v. Cintas Corp.*, 475 S.W.3d 679, 683 (Mo. App. E.D. 2015)).

**III.     Discussion**

Defendant Securitas argues the parties entered into a bilateral contract based on their mutual promises to arbitrate disputes between them.  (Doc. #10, p. 6).  "It is axiomatic that a proposal to enter into a bilateral agreement must be accepted by ***both*** parties for a contract to be formed."  *Baier*, 420 S.W.3d at 738 (citation omitted).  "Whether there is mutual assent sufficient to form a contract depends on the intentions of the parties."  *Id.* (citation omitted). While a signature is one way to establish acceptance, it is not the only way.  *Id.*  "[I]n the absence of a signature, the party claiming that a contract was formed must present other evidence to establish its assent to abide by the terms of the agreement."  *Id.* (citation omitted).  "The Court must find whether the facts establish a party's intent to be bound."  *McFadden*, 2018 WL 3715756, at *2 (citations omitted).

In *Baier,* the Missouri Court of Appeals found mutual assent lacking where an employee signed an arbitration-agreement acknowledgment substantially similar to the one signed by Plaintiff, but the employer did not sign the acknowledgment even though a line was included for "Management Signature."  420 S.W.3d at 735.  The *Baier* court affirmed the trial court's rejection of the employer's "self-serving claim that [the employer] meant for the [acknowledgment] to be an offer that would mutually bind both Baier and [the employer] if accepted in writing by Baier."  *Id.* at 739.  The *Baier* court stated, "[W]e are hard pressed to discern any purpose for placing a signature line for [the employer] on the [acknowledgment] unless it was to require an authorized signature as a condition of mutual assent."  *Id.*

In the absence of its signature, Defendant Securitas argues, "Securitas presented the Dispute Resolution Agreement to Plaintiff with the intent that upon Plaintiff's acceptance, both Securitas and Plaintiff would be bound by the terms of the Dispute Resolution Agreement." (Doc. #10, pp. 2-3). Defendant Securitas submitted an affidavit of its Area Human Resource Director in support of its argument. (Doc. #10-1). Securitas concludes, "The manifestation of assent to be bound by the Agreement occurred when Securitas offered the Agreement to Plaintiff; Plaintiff accepted it; and Securitas employed Plaintiff after he accepted this condition of his employment." (Doc. #10, p. 5).

Similar arguments were rejected in *Baier*, 420 S.W.3d at 739; *McFadden*, 2018 WL 3715756, at *3; and *Cody v. Chase Professionals*, No. 18-06025-CV-SJ-ODS, 2018 WL 2219090, at *3 (W.D. Mo. May 15, 2018). The *Cody* court stated, "Defendant's claim that it assented to the agreement (based upon its presentation of the arbitration agreement to Plaintiff, Plaintiff's signature, and Defendant employment of Plaintiff) is not conclusive, and if anything, is self-serving." 2018 WL 2219090, at *3.

The Court finds here, too, that Defendant Securitas's claim it assented to the Dispute Resolution Agreement even though no representative ever signed the Acknowledgment, is self-serving. The Court finds the purported agreement to arbitrate lacks mutual assent and is therefore invalid. Given the Court's finding that the agreement lacks mutual assent, the Court will not address Plaintiff's other arguments against compelling arbitration.

With respect to Dan Arnold, Defendant Securitas argues, "To the extent Plaintiff asserts his claim against Dan Arnold individually, his claims are invalid and must be dismissed[]" because "[t]he ADEA does not recognize any cause of action against an individual." (Doc. #5, p. 9). Plaintiff does not address this argument in his opposition. Given Plaintiff's failure to

include Dan Arnold in the caption, Plaintiff's lack of opposition on this issue, and the current state of the law, this Court agrees with Defendant. To the extent Plaintiff intended to include Dan Arnold as a Defendant to the ADEA claim, Dan Arnold is dismissed. *See Lyons v. Drew*, No. 14-0510-CV-W-ODS, 2015 WL 1198081, at \*2 (W.D. Mo. March 16, 2015) (finding no individual liability under the ADEA because the Eighth Circuit determined the definitions of "employer" under Title VII and the ADEA are analogous and collecting similar cases) (citing *Lenhardt v. Basic Inst. of Tech., Inc.*, 55 F.3d 377, 380 (8th Cir. 1995)).

## IV.    Conclusion

Defendant's Motion to Dismiss or, in the Alternative, to Stay and Compel Arbitration filed by Defendant Securitas Security Services USA, Inc. (Doc. #4) is granted in part and denied in part. Defendant Securitas's request to compel arbitration is DENIED. To the extent Plaintiff George Wilber intended to include Dan Arnold as an individual Defendant, Defendant Securitas's motion to dismiss Dan Arnold is GRANTED.


        **IT IS SO ORDERED.**



DATED: <u>May 3, 2019</u>                    /s/ Stephen R. Bough
                                                                    JUDGE STEPHEN R. BOUGH
                                                                    UNITED STATES DISTRICT COURT